In the Matter of IMANI B., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VERNON B., Appellant. [811 NYS2d 447]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of factfinding and disposition (one paper) of the Family Court, Suffolk County (MacKenzie, J.), dated March 9, 2005, which, after a hearing, inter alia, determined that he had neglected the subject child.

Ordered that the order of factfinding and disposition is reversed, on the law and the facts, without costs or disbursements, and the petition is dismissed.

A determination of parental neglect following a fact-finding hearing must be based on a preponderance of the evidence, demonstrating "first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger

of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see Matter of Tammie Z.*, 66 NY2d 1 [1985]). Only "competent, material and relevant evidence may be admitted" at the fact-finding hearing (Family Ct Act § 1046 [b] [ii]).

The evidence offered in support of the petition against the father consisted almost entirely of out-of-court statements made by the mother to a police officer and caseworker concerning a domestic dispute. The mother's statements were not admissible as evidence against the father absent any showing that the statements came within a statutory or common-law exception to the hearsay rule (*see Morrissey v City of New York*, 221 AD2d 607 [1995]). We decline to consider the Law Guardian's alternate theory that the mother's out-of-court statements were admissible under the excited utterance exception to the hearsay rule, since the theory was not advanced in the Family Court, where the father would have been able to counter the argument and the trial court would have been able to make factual determinations relevant to the issue of admissibility in the first instance (*see People v Nieves*, 67 NY2d 125, 135 [1986]; *see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]).

The nonhearsay evidence in the record established at most that the mother and father had engaged in loud verbal disputes in front of their four-month-old child. This evidence was insufficient to establish that the child's physical, mental, or emotional condition was in imminent danger of being impaired as a result of the father's failure to exercise appropriate care (*see Nicholson v Scoppetta, supra*). Accordingly, we reverse the order and dismiss the petition. Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur.