(January 12, 2012)

■ In the Matter of IMANI O. and Another, Children Alleged to be Neglected. MARCUS O., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [937 NYS2d 162]—

The lower court incorrectly found that appellant had neglected his children by perpetrating an act of domestic violence upon the mother in the children's presence. In reaching this conclusion, the court relied upon two domestic incident reports (DIR), an oral report transmittal (ORT), the mother's hospital records, and portions of the caseworker's progress notes. The only witnesses were a caseworker, who never interviewed the mother at the time of the incident, and appellant. Although the

lower court determined that the assault occurred in the presence of the children, there was no admissible evidence to support this finding.

Only "competent, material and relevant evidence may be admitted" at the fact-finding hearing (Family Ct Act § 1046 [b] [iii]). The mother did not testify at the fact-finding hearing, and the lower court properly granted appellant's motion to exclude her statements as hearsay (*see Matter of Imani B.*, 27 AD3d 645 [2006]; *see generally Matter of Leon RR*, 48 NY2d 117, 122 [1979]). However, the lower court then improperly relied upon hearsay statements from a police officer in the ORT. That police officer had responded to the subject domestic dispute at appellant's home on August 27, 2007, and filed his ORT on August 31. The narrative portion of the ORT states that "there is a history of domestic violence" between the mother and appellant "in the presence of the children," ages three months and two years old. Even though the police officer is under a duty to report suspected child abuse or maltreatment (Social Services Law § 413), to render his entire statement admissible under the business records exception to the hearsay rule, all the participants in the chain must be under a duty to report and be acting within the scope of that duty (*Leon RR*, 48 NY2d at 122-123). Here, the ORT does not explain or identify the source of the officer's statement that the children previously were present during domestic disputes between the mother and appellant. The ORT also does not specify if the children were present for the incident on August 27—the basis for petitioner's allegation of neglect—and their presence at any other incident is of no legal significance. Further, there is no way of knowing if the police officer obtained this information from someone who also was under a duty to report, or from the mother, who had no such duty. Since neither the officer nor the mother was called at the hearing, the statement is inadmissible hearsay (*see generally Matter of Christy C. [Jeffrey C.]*, 74 AD3d 561, 562 [2010] [the Family Court improperly relied upon statements by the mother and father contained in a police DIR that did not fall within an exception to the hearsay rule]). The reference in the ORT to a bruise on the top of the three-month-old child's scalp also cannot be used to prove the neglect charge because the officer acknowledged that it was "unknown if [the] child sustained this injury as a result of getting in the middle of the assault." The officer's source for this statement also is unknown.

Moreover, although the lower court stated that a finding of neglect was proper based on the mother's statements, those statements previously had been excluded on hearsay grounds.

Beyond the inadmissible hearsay contained in the police officer's ORT and the mother's excluded out-of-court statements, petitioner did not provide any other evidence that the children were present during the domestic dispute, a necessary finding in order to determine that appellant had neglected his children (*see Matter of Daphne G.*, 308 AD2d 132 [2003]).

The father's argument that the court erred in denying his request for assignment of new counsel, effectively requiring him to proceed pro se, is unpreserved and, in any event, without merit. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.