# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

305

CAF 11-01532

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF NICHOLAS C.
------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ERIKA H., RESPONDENT-RESPONDENT,
AND ROBERT C., RESPONDENT-APPELLANT.

---

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (SARA J. LANGAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

FRANCIS I. WALTER, ATTORNEY FOR THE CHILD, SYRACUSE, FOR NICHOLAS C.

---

Appeal from an order of the Supreme Court, Onondaga County (Michael L. Hanuszczak, A.J.), dated June 2, 2011 in a proceeding pursuant to Family Court Act article 10.  The order, insofar as appealed from, adjudged that respondent Robert C. neglected the subject child.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the petition against respondent Robert C. is dismissed.

Memorandum:  Respondent father appeals from an order that, inter alia, adjudged that he neglected the child who is the subject of this proceeding.  "[A] party seeking to establish neglect must show, by a preponderance of the evidence . . . , first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368; *see* Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]).  At the fact-finding hearing, moreover, "only competent, material and relevant evidence may be admitted" (§ 1046 [b] [iii]).  Here, "[t]he evidence offered in support of the petition against the father consisted almost entirely of out-of-court statements made by the mother to a police officer and caseworker[s] concerning a domestic dispute" (*Matter of Imani B.*, 27 AD3d 645, 646; *see Matter of Christy C.*, 74 AD3d 561, 562).  Those statements were not admissible against the father in the absence of a showing that they came within a statutory or common-law exception to the hearsay rule (*see Imani B.*,

27 AD3d at 646). Contrary to the statement of Supreme Court, we conclude that the hearsay statements were not admissible "under article 10" of the Family Court Act (*see generally* § 1046 [a]). We decline to address petitioner's alternative theories for the admissibility of the mother's hearsay statements that were not advanced at the fact-finding hearing (*see Imani B.*, 27 AD3d at 646). The nonhearsay evidence in the record is insufficient to establish that the child's physical, mental or emotional condition was impaired or in imminent danger of becoming impaired as a consequence of the father's conduct (*see Matter of Imani O. [Marcus O.]*, 91 AD3d 466, 468; *Imani B.*, 27 AD3d at 646).

Finally, we note that, " 'because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings' " (*Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17 NY3d 704). We therefore have considered the father's contention that he was denied effective assistance of counsel at the dispositional hearing, despite the fact that the dispositional order has expired. We conclude, however, that his contention lacks merit (*see Matter of June MM.*, 62 AD3d 1216, 1218, *lv denied* 13 NY3d 704; *see also Matter of Lamar J.F.*, 8 AD3d 1091, 1092).

Entered: April 26, 2013                    Frances E. Cafarell
                                           Clerk of the Court