■ In the Matter of ANTHONY S. ADMINISTRATION FOR CHILDREN'S SERVICES OF CITY OF NEW YORK, Appellant, v JOHN S., Respondent. [10 NYS3d 259]—

Appeal from an order of the Family Court, Kings County (Steven Z. Mostofsky, J.), dated May 14, 2014. The order granted the father's motion to dismiss the petition, after the petitioner presented its case, on the ground that the petitioner failed to make out a prima facie case that he neglected the subject child.

Ordered that the order is affirmed, without costs or disbursements.

At the commencement of the fact-finding hearing, the petitioner offered into evidence an Oral Transmission Report (hereinafter ORT). The attorney for the father objected to admission of the narrative portion of the ORT, and the Family Court overruled the objection. Later, after the petitioner presented its case, the court granted the father's motion to dismiss

the petition on the ground that the petitioner had failed to make out a prima facie case that he neglected the subject child. The petitioner appeals.

As the father correctly asserts, the narrative portion of the ORT was inadmissible hearsay (*see Matter of Nicholas C. [Erika H.—Robert C.]*, 105 AD3d 1402, 1402 [2013]; *Matter of Imani O. [Marcus O.]*, 91 AD3d 466, 467 [2012]). Accordingly, we do not consider it.

Apart from the improperly admitted ORT narrative, there was no evidence introduced at the fact-finding hearing that the father neglected the child within the meaning of Family Court Act § 1012 (f) (*see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). Although domestic violence may in some circumstances support a finding of neglect (*see Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1026 [2011]; *Matter of Deandre T.*, 253 AD2d 497, 498 [1998]), those circumstances were not established by the properly admitted evidence here (*see Matter of Imani O. [Marcus O.]*, 91 AD3d at 467-468). There was no evidence that the infant child was aware of the father's violence toward the mother, and there was no competent evidence that those acts of violence presented any risk of harm, much less actual harm, to the child (*see Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127, 1130 [2012]). Accordingly, the father's motion to dismiss the petition after the petitioner presented its case was properly granted. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.