# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**421**

**CAF 14-01822**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF TYLER M.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

TRACI C., RESPONDENT,
AND SCOTT M., RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

JEFFREY C. MANNILLO, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered August 27, 2014 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged that respondent Scott M. neglected the subject child.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition against respondent Scott M. is dismissed.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that, inter alia, determined that he neglected the subject child. We agree with the father that petitioner failed to meet its burden of establishing neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). At the fact-finding hearing, "only competent, material and relevant evidence may be admitted" (§ 1046 [b] [iii]). Here, however, the evidence admitted in support of the petition consisted primarily of the caseworker's testimony regarding the mother's out-of-court statements, as well as portions of a police report containing the mother's statements to the police. The mother's out-of-court statements constituted hearsay, and "were not admissible against the father in the absence of a showing that they came within a statutory or common-law exception to the hearsay rule" (*Matter of Nicholas C. [Erika H.—Robert C.]*, 105 AD3d 1402, 1402; *see Matter of Imani B.*, 27 AD3d 645, 646). Petitioner failed to make such showing (*see Nicholas C.*, 105 AD3d at 1403). Inasmuch as "[t]he nonhearsay evidence in the record is insufficient to establish that the child's physical, mental or emotional condition was impaired or in imminent danger of being impaired as a consequence of the father's conduct," the petition must be dismissed (*id.; see* Family Ct Act § 1012 [f] [i]; *Matter of Imani*

*O. [Marcus O.]*, 91 AD3d 466, 468).

Entered: May 6, 2016

Frances E. Cafarell
Clerk of the Court