Matter of Vincent C. ( (Vincent C.) (2020 NY Slip Op 00122)





Matter of Vincent C. ( (Vincent C.)


2020 NY Slip Op 00122


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-00035
 (Docket Nos. N-3117-16, N-3118-16)

[*1]In the Matter of Vincent C. (Anonymous). Administration for Children's Services, respondent; Vincent C. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Nicholas C. (Anonymous). Administration for Children's Services, respondent; Vincent C. (Anonymous), appellant. (Proceeding No. 2.)


Francine Scotto, Staten Island, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Deborah E. Wassel of counsel), for respondent.
Daniel P. Moskowitz, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Richmond County (Arnold Lim, J.), dated November 29, 2018. The order of fact-finding and disposition, after a fact-finding hearing, inter alia, found that the father neglected the subject children.
ORDERED that the order of fact-finding and disposition is affirmed, with costs.
On July 28, 2016, the petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the father neglected the subject children, who were six and seven years old at the time, by engaging in acts of domestic violence against the mother. After a fact-finding hearing, the Family Court found that the allegations of domestic violence had been established by a preponderance of the evidence. In an order of fact-finding and disposition dated November 29, 2018, the court, inter alia, found that the father neglected the children. The father appeals.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act §§ 1012[f][i]; 1046[b][i]; Matter of Mohammed J. [Mohammed Z.], 121 AD3d 994, 994).
Here, the evidence demonstrated that the father had a history of committing acts of domestic violence against the mother. The incidents were neither isolated nor did they all occur outside the presence of the children. We agree with the Family Court's determination that the petitioner established, by a preponderance of the evidence, that as a result of the father's conduct, the children's physical, mental, or emotional condition was in imminent danger of impairment (see Matter of David M. [Sonia M.-C.], 119 AD3d 800, 800-801; Matter of Anthony S. [Dawn N.], 98 AD3d 519, 520; Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1027-1028). There is no basis to disturb the court's determination that the father's denials of the incidents lacked credibility (see Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 724-725; Matter of Tayleese M.C. [Tunisha H.], 127 AD3d 1077, 1078). Contrary to the father's further contention, the out-of-court statements made by one of the children were sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of Jubilee S. [James S.], 149 AD3d 965, 967).
The father's remaining contentions are without merit.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court