Matter of Simone C.P. (Jeffry F.P.) (2020 NY Slip Op 02270)





Matter of Simone C.P. (Jeffry F.P.)


2020 NY Slip Op 02270


Decided on April 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2019-06496
2019-06499
 (Docket No. N-20295-17)

[*1]In the Matter of Simone C.P. (Anonymous). Administration for Children's Services, respondent; Jeffry F.P. (Anonymous), appellant.


Center for Family Representation, Inc., New York, NY (Michele Cortese and Emily S. Wall of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Cynthia Kao of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Margaret Morgan, J.), dated August 30, 2018, and (2) an order of disposition of the same court dated May 24, 2019. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is reversed, on the law and the facts, without costs or disbursements, the order of fact-finding is vacated, the petition is denied, and the proceeding is dismissed.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding alleging that the father neglected the subject child by engaging in an act of domestic violence against the child's mother and using marijuana. After a fact-finding hearing, the Family Court found that the father had neglected the child by engaging in the act of domestic violence against the child's mother and using marijuana. After a dispositional hearing, the Family Court, inter alia, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The father appeals.
Regarding the allegation of domestic violence, " [a] finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" (Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1093, quoting Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). However, "exposing a child to domestic violence is not presumptively neglectful. Not every child exposed to domestic violence is at risk of impairment" (Nicholson v Scoppetta, 3 NY3d 357, 375 [emphasis in original]; see Matter of Chaim R. [Keturah Ponce R.], 94 AD3d 1127, 1130). Here, we agree with the father's contention that, with respect to that allegation, the preponderance of the evidence did not establish that he neglected the child (see Matter of Harper F.-L. [Gary L.], 125 AD3d 652; Matter of Larry O., 13 AD3d 633; Matter of Davin G., 11 AD3d 462).
The father contends, and ACS concedes, that the evidence of the father's use of marijuana was insufficient to establish that the child was neglected. We agree. The evidence failed to demonstrate that the father's marijuana use caused impairment, or an imminent danger of impairment, to the physical, mental, or emotional well-being of the child (see Matter of Anastasia L.-D. [Ronald D.], 113 AD3d 685, 687-688; Matter of Anastasia G., 42 AD3d 830, 832).
Accordingly, the Family Court should not have found that the father neglected the child.
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court