Matter of Eternity S. (Vanessa P.) (2020 NY Slip Op 02798)





Matter of Eternity S. (Vanessa P.)


2020 NY Slip Op 02798


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-04800
2019-04801
2019-04802
2019-04803
2019-04804
 (Docket Nos. N-19470-16, N-19471-16, N-19472-16, N-19473-16)

[*1]In the Matter of Eternity S. (Anonymous). Administration for Children's Services, respondent; Vanessa P. (Anonymous), et al., appellants. (Proceeding No. 1)
In the Matter of Omari S. (Anonymous). Administration for Children's Services, respondent; Vanessa P. (Anonymous), et al., appellants. (Proceeding No. 2)
In the Matter of Omere S. (Anonymous). Administration for Children's Services, respondent; Vanessa P. (Anonymous), et al., appellants. (Proceeding No. 3)
In the Matter of Lamonte S. (Anonymous), Jr. Administration for Children's Services, respondent; Lamonte S. (Anonymous), appellant. (Proceeding No. 4)


Carol Kahn, New York, NY, for appellant Vanessa D.P.S.S., named herein as Vanessa P.
Heath J. Goldstein, Jamaica, NY, for appellant Lamonte S.
James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and D. Alan Rosinus, Jr., of counsel), for respondent.
Joseph A. Fredericks, North Bellmore, NY, attorney for the children Eternity S., Omari S., and Omere S.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Eggert), attorney for the child Lamonte S., Jr.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an amended order of fact-finding and disposition of the Family Court, Queens County (Connie Gonzalez, J.), dated April 1, 2019, and the mother separately appeals from (1) an order of fact-finding of the same court dated March 15, 2019, (2) an order of disposition of the same court also dated March 15, 2019, (3) an order of fact-finding and disposition of the same court dated March 27, 2019, (4) an order of fact-finding and disposition of the same court also dated March 27, 2019, and (5) the amended order of fact-finding and disposition dated April 1, 2019. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the children Eternity S., Omari S., and Omere S. The order of disposition, insofar as appealed from, upon the order of fact-finding and after a dispositional hearing, released the children Eternity S., Omari S., and Omere S. to the custody of the mother with supervision by the petitioner for a period of one year. The first order of fact-finding and disposition dated March 27, 2019, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother neglected the children Eternity S., Omari S., and Omere S. and released those children to the custody of the mother with supervision by the petitioner for a period of one year. The second order of fact-finding and disposition dated March 27, 2019, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother neglected the children Eternity S., Omari S., and Omere S. and released those children to the custody of the mother with supervision by the petitioner for a period of one year. The amended order of fact-finding and disposition, insofar as appealed from by the father, after fact-finding and dispositional hearings, found that the father neglected the four subject children and released the children Eternity S., Omari S., and Omere S. to the custody of the mother with supervision by the petitioner for a period of one year. The amended order of fact-finding and disposition, insofar as appealed from by the mother, after fact-finding and dispositional hearings, found that the mother neglected the children Eternity S., Omari S., and Omere S. and released those children to the custody of the mother with supervision by the petitioner for a period of one year.
ORDERED that the appeals from (1) the order of fact-finding, (2) the order of disposition, (3) the first order of fact-finding and disposition dated March 27, 2019, and (4) the second order of fact-finding and disposition dated March 27, 2019, are dismissed, without costs or disbursements, as those orders were superseded by the amended order of fact-finding and disposition, and are brought up for review on the appeals from the amended order of fact-finding and disposition; and it is further,
ORDERED that the appeals from so much of the amended order of fact-finding and disposition as released the children Eternity S., Omari S., and Omere S. to the custody of the mother with supervision by the petitioner for a period of one year are dismissed as academic, as that portion of the order expired by its own terms (see Matter of T.N. [Alec N.], 168 AD3d 743); and it is further,
ORDERED that the amended order of fact-finding and disposition is modified, on the law and the facts, by deleting the provisions thereof finding that the mother neglected Eternity S., Omari S., and Omere S. and that the father neglected Lamonte S., Jr.; as so modified, the amended order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements, and the order of fact-finding, the order of disposition, and the orders of fact-finding and disposition are modified accordingly.
The father, Lamonte S., and the mother, Vanessa P. (hereinafter Vanessa), are the parents of the subject children Eternity S., Omari S., and Omere S. The father is also the parent of the subject child Lamonte S., Jr., who resides with his mother, Victoria L. (hereinafter Victoria). On October 3, 2016, the father and Vanessa were arrested for attacking Victoria outside their home while all four subject children were inside. At the time of the incident, Victoria had come to the home of the father and Vanessa to pick up Lamonte S., Jr., who had been visiting for the weekend. The next day, the Administration of Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging that the father neglected the subject children by engaging in an act of domestic violence against Victoria and by perpetrating acts of domestic violence against Vanessa in the presence of the children. ACS further alleged that Vanessa neglected Eternity S., Omari S., and Omere S. by committing an act of domestic violence against Victoria in their presence.
At a fact-finding hearing, ACS presented evidence that on January 29, 2015, the father had pleaded guilty to harassment in the second degree arising out of an incident involving Vanessa, and that an order of protection had been issued against the father directing him to refrain from, among other things, assaulting and harassing Vanessa. ACS also presented evidence that on March 28, 2015, the father had punched Vanessa in the mouth with a closed fist and choked her while she was holding one of their children. After the fact-finding hearing and a dispositional hearing, the Family Court found that the father neglected all four subject children and that Vanessa neglected Eternity S., Omari S., and Omere S. The court released Eternity S., Omari S., and Omere S. to the custody of Vanessa with supervision by ACS for a period of one year. The father and Vanessa separately appeal.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or [caregiver] to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act §§ 1012[f][i]; 1046[b][i]; Matter of Mohammed J. [Mohammed Z.], 121 AD3d 994, 994). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047; see Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064). Nevertheless, " exposing a child to domestic violence is not presumptively neglectful. Not every child exposed to domestic violence is at risk of impairment'" (Matter of John M.M. [Michael M.], 160 AD3d 646, 647, quoting Nicholson v Scoppetta, 3 NY3d at 375).
Here, the finding that the father neglected the four subject children and that Vanessa neglected Eternity S., Omari S., and Omere S. based on the domestic violence incident that occurred on October 3, 2016, involving Victoria, was not supported by a preponderance of the evidence. There was no evidence that any of the subject children witnessed the altercation. Victoria testified that the fight ensued outside the front door to the home, which was halfway open, and that she never observed any of the children during the incident. A police officer who responded to the scene based on a radio call of an assault in progress, testified that when he entered the home, the two older children, appeared "normal," were not "emotional," and did not seem to understand "what was going on in the nature of the incident" (see Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 948; Matter of Autumn H. [Clay H.], 157 AD3d 791, 792; Matter of Kiana M.-M. [Robert M.], 123 AD3d 720, 721). Moreover, there was insufficient evidence to reflect that the subject children's physical, emotional, or mental condition was impaired or placed in imminent danger of impairment based on the October 3, 2016, incident (see Matter of Serina M. [Edward M.], 179 AD3d 925; Matter of Cameron D. [Lavon D.], 154 AD3d 849, 849-850; Matter of Ilona H. [Elton H.], 93 AD3d 1165, 1166; Matter of Elijah J. [Phillip J.], 77 AD3d 835, 835).
Nevertheless, a preponderance of the evidence established that the father neglected Eternity S., Omari S., and Omere S. by perpetrating acts of domestic violence against Vanessa in their presence (see Matter of Vincent C., 179 AD3d 673; Matter of Khamari S. [Keith S.], 163 AD3d 826, 826; Matter of Benjamin S.S. [Randy S.], 163 AD3d 825, 825; Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1027-1028). Contrary to the father's contention, the out-of-court statements made by Vanessa to the police officer who responded to their home on March 28, 2015, within minutes after receiving a radio call of an assault in progress, were admissible under the excited utterance exception to the hearsay rule (see People v Hernandez, 28 NY3d 1056, 1057; Matter of Nina P. [Giga P.], 180 AD3d 1047). However, the Family Court should not have determined that the father neglected Lamonte S., Jr., inasmuch as there was no evidence that Lamonte S., Jr., was present during any altercation between the father and Vanessa or that his physical, mental, or emotional condition was impaired or placed in imminent danger of impairment (see Matter of Christopher D.B. [Lorraine H.], 157 AD3d at 948; Matter of Autumn H. [Clay H.], 157 AD3d at 792). Furthermore, ACS did not allege in the petition that the father derivatively neglected Lamonte S., Jr. (see Matter of Christopher D.B. [Lorraine H.], 157 AD3d at 948).
Finally, contrary to the father's contention, given, inter alia, the credible evidence [*2]demonstrating that he committed acts of domestic violence against Vanessa, and that he had failed to substantially complete court-ordered services and programs during the 2½ year period since these proceedings commenced, the Family Court's determination that it would not be in the best interests of Eternity S., Omari S., and Omere S. to release them to the custody of both the father and Vanessa was supported by a sound and substantial basis in the record (see Matter of Martha S. [Linda M.S.], 126 AD3d 1496, 1497; Matter of Bobby J.C. [Faith C.], 124 AD3d 648, 649; Matter of Stefani C., 61 AD3d 681, 681).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court