Matter of Tatianna C. (James C.) (2021 NY Slip Op 04130)





Matter of Tatianna C. (James C.)


2021 NY Slip Op 04130


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2020-01450
 (Docket Nos. N-16935-18, N-16936-18, N-16937-18)

[*1]In the Matter of Tatianna C. (Anonymous). Administration for Children's Services, respondent; 
and
James C. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Elijah C. (Anonymous). Administration for Children's Services, respondent; James C. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Daniel C. (Anonymous). Administration for Children's Services, respondent; James C. (Anonymous), appellant. (Proceeding No. 3)


Nicole Barnum, New York, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Nwamaka Ejebe of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child Tatianna C.
Tennille M. Tatum-Evans, New York, NY, attorney for the children Elijah C. and Daniel C.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Queens County (Emily Ruben, J.), dated January 9, 2020. The order, after a fact-finding hearing, found that the father neglected the subject children.
ORDERED that the order of fact-finding is modified, on the law, by deleting the provision thereof finding that the father neglected the subject children by his use of marijuana resulting in physical and emotional harm to the children; as so modified, the order of fact-finding is affirmed, without costs or disbursements.
In August 2018, the Administration for Children's Services (hereinafter ACS) [*2]commenced these proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the father neglected the subject children by inflicting excessive corporal punishment and by using marijuana in their presence. After a fact-finding hearing, the Family Court found that ACS established by a preponderance of the evidence that the father neglected the children. The father appeals.
The petitioner in a neglect proceeding has the burden of proving neglect by a preponderance of the evidence (see Matter of Princess A.E. [Shaleya E.], 193 AD3d 854). Here, as the father argues, and as ACS concedes, ACS did not prove by a preponderance of the evidence that the father neglected the children based on the evidence that he regularly used marijuana (see Matter of Simone C.P. [Jeffrey F.P.], 182 AD3d 554, 555). However, contrary to the father's contention, a preponderance of the evidence supports the Family Court's finding that the father neglected the children as a result of his use of excessive corporal punishment (see Matter of Elijah P. [Jane W.], 191 AD3d 984, 985; Matter of Hayden C. [Tafari C.], 130 AD3d 924, 925). Although the father disputed the allegations, there is no basis for disturbing the court's credibility determinations, which are entitled to great deference (see Matter of Zana C. [Dana F.], 171 AD3d 1045, 1047). Further, the out-of-court statements of two of the children were sufficiently corroborated (see Matter of Cecile D. [Kassia D.], 189 AD3d 1036).
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court