Matter of Kingston T. (Diamond T.) (2022 NY Slip Op 05694)

Matter of Kingston T. (Diamond T.)

2022 NY Slip Op 05694

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-02690
 (Docket No. N-19098-18)

[*1]In the Matter of Kingston T. (Anonymous). Administration for Children's Services, petitioner-respondent; Diamond T. (Anonymous), appellant, et al., respondent.

Catherine S. Bridge, Staten Island, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon of counsel), for petitioner-respondent.
Joanna Galia, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated February 19, 2021. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding is reversed insofar as appealed from, on the facts, without costs or disbursements, and the finding that the mother neglected the subject child is vacated.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the mother neglected the subject child by engaging in acts of domestic violence in the presence of the child during an altercation with the father on November 2, 2018. In an order of fact-finding dated February 19, 2021, made after a fact-finding hearing, the Family Court found, among other things, that the mother neglected the child by engaging with the father "in a verbal and physical altercation which caused the child emotional harm and put him at risk of physical harm." The mother appeals.
In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046[b]; Matter of Sage H. [Lovette H.], 204 AD3d 795, 796). "'[A] finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" (Matter of Simone C.P. [Jeffry F.P.], 182 AD3d 554, 555, quoting Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1093 [internal quotation marks omitted]). "However, 'exposing a child to domestic violence is not presumptively neglectful,'" and "'[n]ot every child exposed to domestic violence is at risk of impairment'" (Matter of Simone C.P. [Jeffry F.P.], 182 AD3d at 555, quoting Nicholson v Scoppetta, 3 NY3d 357, 375). "The Legislature's requirement of actual or imminent danger of impairment prevents state intrusion into private family life in the absence of 'serious harm or potential harm to the child, not just . . . what might be deemed undesirable parental behavior'" (Matter of Javan W. [Aba W.], 124 AD3d 1091, [*2]1091, quoting Nicholson v Scoppetta, 3 NY3d at 369).
Here, the Family Court's finding that the mother neglected the subject child based on a domestic violence incident on November 2, 2018, was not supported by a preponderance of the evidence. While testimony was elicited from the paternal grandmother that the subject child, then under two months old, was somewhere in an apartment with the mother and the father while they yelled at each other, the grandmother testified that she removed the child from that apartment prior to any acts of domestic violence. The evidence that the mother and the father engaged in a loud verbal argument in the presence of their infant child was insufficient to establish that the child's physical, mental, or emotional condition was impaired or in imminent danger of becoming impaired (see Matter of Malachi M. [Mark M.], 164 AD3d 794, 796; Matter of Imani B., 27 AD3d 645, 646). Further, while the grandmother testified that she subsequently came out of her separate apartment into a hallway while holding the child when the mother and the father were engaged in acts of domestic violence in the hallway, no evidence was presented that the infant child observed, or was aware of, any acts of domestic violence (see Matter of Eternity S. [Vanessa P.], 183 AD3d 748, 751; Matter of Dalia G. [Frank B.], 128 AD3d 821, 824; Matter of Harper F.-L. [Gary L.], 125 AD3d 652, 654-655). Notably, the grandmother testified that she only "briefly" observed someone with a knife before leaving the hallway with the child to alert building security, and she was unable to tell whether the mother or the father was holding the knife during that "brief" period. Moreover, no evidence was presented that the child was in sufficient proximity to the mother and father during the altercation in the hallway so as to place the child at any risk of physical harm.
ACS's remaining contentions are not properly before this Court.
Accordingly, the Family Court's finding that the mother neglected the child is not supported by the record.
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court