Matter of Divine K. M. (Andre G.) (2022 NY Slip Op 06929)

Matter of Divine K. M. (Andre G.)

2022 NY Slip Op 06929

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-04557
2021-04559
 (Docket Nos. N-7358-20, N-7359-20, N-7360-20, N-7361-20, N-7362-20, N-7363-20, N-7364-20)

[*1]In the Matter of Divine K. M. (Anonymous). Administration for Children's Services, respondent; Andre G. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Tamera P.-C. M. (Anonymous). Administration for Children's Services, respondent; Andre G. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Tawdrea G. (Anonymous). Administration for Children's Services, respondent; Andre G. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Tyresse M. (Anonymous). Administration for Children's Services, respondent; Andre G. (Anonymous), appellant. (Proceeding No. 4.)
In the Matter of Micah M. G. (Anonymous). Administration for Children's Services, respondent; Andre G. (Anonymous), appellant. (Proceeding No. 5.)
In the Matter of Terel R. (Anonymous). Administration for Children's Services, respondent; Andre G. (Anonymous), appellant. (Proceeding No. 6.)
In the Matter of Makai G. (Anonymous). Administration for Children's Services, respondent; Andre G. (Anonymous), appellant. (Proceeding No. 7.)

Linda C. Braunsberg, Staten Island, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Nwamaka Ejebe of counsel), for respondent.
Twyla Carter, New York, NY (Amy Hausknecht of counsel), attorney for the [*2]children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Diane Costanzo, J.), dated May 25, 2021, and (2) an order of disposition of the same court dated June 9, 2021. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject children. The order of disposition, insofar as appealed from, was entered upon the order of fact-finding.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is modified, on the law and the facts, (1) by deleting the provision thereof, upon the order of fact-finding, determining that the father neglected the children Tyresse M., Makai G., Tamera P.-C. M., and Divine K. M., and substituting therefor a provision denying the petitions alleging that the father neglected the children Tyresse M., Makai G., Tamera P-C. M., and Divine K. M. and dismissing those proceedings, and (2) by deleting the provision thereof, upon the order of fact-finding, determining that the father neglected the children Tawdrea G., Micah M. G., and Terel R. by verbally abusing the nonrespondent mother in their presence; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements, and the order of fact-finding is modified accordingly.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging that the father neglected the subject children. At a fact-finding hearing, ACS presented evidence that Tawdrea G., Terel R., and Micah M. G. were present when the father threw an object at the nonrespondent mother. ACS also presented evidence that the father frequently yelled at the mother while the children were present. Following the hearing, the Family Court found that the father neglected the children by engaging in repeated acts of verbal abuse against the mother and on one occasion throwing an object at the mother. The father appeals.
"'A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" (Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1093, quoting Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding (see Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064; Matter of Sapphire G. [Samarj L.G.], 136 AD3d 687, 687).
In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). To satisfy this burden, the petitioner may rely upon prior out-of-court statements of the subject children, provided that they are sufficiently corroborated (see id. § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 117-118). "Family Court Judges presented with the issue have considerable discretion to decide whether [a] child's out-of-court statements describing incidents of abuse or neglect have, in fact[ ] been reliably corroborated" (Matter of Nicole V., 71 NY2d at 119). "[T]he out-of-court statements of siblings may properly be used to cross-corroborate one another" (Matter of Tristan R., 63 AD3d 1075, 1076 [internal quotation marks omitted]). However, such out-of-court statements must describe similar incidents in order to sufficiently corroborate the sibling's out-of-court allegations (see Matter of Nicole V., 71 NY2d at 124; Matter of Ashley G. [Eggar T.], 163 AD3d 963, 964).
Contrary to the father's contention, the Family Court properly admitted the ACS caseworker's notes of interviews with the children as a business record (see People v Klein, 105 AD2d 805, 806, affd 65 NY2d 613).
Here, the Family Court providently exercised its discretion in determining that the out-of-court statements of Tawdrea G., Terel R., and Micah M. G. to an ACS caseworker that the father threw an object at the mother cross-corroborated each other, and that the record as a whole demonstrated by a preponderance of the evidence that the physical, mental, or emotional condition of Tawdrea G., Terel R., and Micah M. G. was impaired or was in danger of becoming impaired when the father threw an object at the mother in their presence (see Matter of Eric P. [Omar P.], 155 [*3]AD3d 1041, 1041-1042; see also Nicholson v Scoppetta, 3 NY3d 357, 368).
However, the Family Court erred in determining that a preponderance of the evidence established that the father neglected Tyresse M., Makai G., Tamera P.-C. M., or Divine K. M., based on the father throwing an object at the mother. There was no evidence that Tyresse M., Makai G., Tamera P.-C. M., or Divine K. M. witnessed that event. Moreover, there was insufficient evidence to establish that the physical, emotional, or mental condition of Tyresse M., Makai G., Tamera P.-C. M., or Divine K. M., was impaired or placed in imminent danger of impairment based on that incident (see Matter of Eternity S. [Vanessa P.], 183 AD3d 748, 751; Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 948).
The Family Court also erred in determining that a preponderance of the evidence established that the father neglected any of the children by verbally abusing the mother in the presence of the children. While it was inappropriate for the father to yell at the mother in the presence of the children, the evidence concerning those arguments was insufficient to establish that the children's physical, mental, or emotional condition was impaired or in imminent danger becoming impaired (see Matter of Malachi M. [Mark M.], 164 AD3d 794, 796; Matter of Alyssa OO. [Andrew PP.], 68 AD3d 1158, 1160; Matter of Imani B., 27 AD3d 645, 646).
The father's remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court