Matter of Easton J. (Courtney J.) (2024 NY Slip Op 01810)

Matter of Easton J. (Courtney J.)

2024 NY Slip Op 01810

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-04444
 (Docket Nos. N-2338-21, N-2339-21, N-2340-21, N-2341-21)

[*1]In the Matter of Easton J. (Anonymous). Administration for Children's Services, respondent; Courtney J. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Elijah J. (Anonymous). Administration for Children's Services, respondent; Courtney J. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Kiarra J. (Anonymous). Administration for Children's Services, respondent; Courtney J. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Keyanna J. (Anonymous). Administration for Children's Services, respondent; Courtney J. (Anonymous), appellant. (Proceeding No. 4.)

Richard J. Cardinale, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, New York, NY (Jesse Townsend and Susan Paulson of counsel), for respondent.
Nicholas J. Murgolo, Staten Island, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated April 20, 2023. The order of disposition, insofar as appealed from, was entered upon an order of fact-finding of the same court dated February 28, 2023, made after a fact-finding hearing, finding that the father neglected the subject children.
ORDERED that the order of disposition is reversed insofar as appealed from, on the law, without costs or disbursements, the order of fact-finding is vacated, the petitions are denied, and the proceedings are dismissed.
In September 2021, the Administration for Children's Services (hereinafter ACS) commenced these proceedings against the father, alleging that he neglected the subject children by committing an act of domestic violence against the nonrespondent mother while the children were [*2]present in the home and within the hearing of the children. Following a fact-finding hearing, the Family Court found that the father neglected the children. The father appeals.
The Family Court failed to state on the record the facts which it deemed essential to its finding of neglect (see Family Court Act § 1051[a]; Matter of Destiny H. [Valerie B.], 83 AD3d 939, 939). However, remittal is unnecessary because the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Destiny H. [Valerie B.], 83 AD3d at 939).
"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Divine K.M. [Andre G.], 211 AD3d 733, 734 [internal quotation marks omitted]; see Nicholson v Scopetta, 3 NY3d 357, 368-372). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Divine K.M. [Andre G.], 211 AD3d at 735).
Upon our independent review of the record, we find that the evidence does not support the Family Court's finding that the allegations of neglect were proven by a preponderance of evidence (see Family Court Act § 1046[b][i]; Matter of Kingston T. [Diamond T.], 209 AD3d 743, 745; Matter of Destiny H. [Valerie B.], 83 AD3d at 939-940).
A recording of a 911 call made by the mother, which was admitted into evidence without objection, was the only admissible evidence offered in support of the petition. During this call, the mother told the 911 operator that the father was harassing her and threatening her, that there were weapons in the house, including knives and guns, and that she was in fear for her life. However, no evidence was admitted in support of ACS's position that the children observed, were aware of, or were in close proximity to the domestic violence, and that their physical, mental, or emotional condition was impaired or was in danger of becoming impaired (see Matter of Kingston T. [Diamond T.], 209 AD3d at 745). While ACS contends that the redacted ACS progress notes were admitted into evidence, and contain the children's out-of court-statements demonstrating the children were aware of and heard the domestic violence, the progress notes, although marked for identification at the virtual hybrid hearing, were never entered into evidence, and therefore, cannot be considered. Thus, ACS failed to establish that the children's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the father's acts of violence toward the mother (see Matter of Divine K.M. [Andre G.], 211 AD3d at 736; Matter of Anthony S., 128 AD3d 969, 970).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court