Matter of Melanie I. A. ( (A.) (2025 NY Slip Op 00856)

Matter of Melanie I. A. ( (A.)

2025 NY Slip Op 00856

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-06904
 (Docket Nos. N-7320-20, N-7321-20)

[*1]In the Matter of Melanie I. A. (Anonymous). Administration for Children's Services, respondent; Tammeswhar A. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Makayla I. A. (Anonymous). Administration for Children's Services, respondent; Tammeswhar A. (Anonymous), appellant. (Proceeding No. 2.)

Claudio & Associates, P.C., Jamaica, NY (Desiree Claudio of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Devin A. Slack and Antonella Karlin of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Queens County (Elenor Reid Cherry, J.), dated August 3, 2022. The order of disposition, insofar as appealed from, was entered upon an order of fact-finding of the same court dated July 18, 2022, made after a fact-finding hearing, finding that the father neglected the subject children.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging that the father neglected the subject children by engaging in acts of domestic violence against the mother in the children's presence. By order of fact-finding dated July 18, 2022, made after a fact-finding hearing, the Family Court found that the father neglected the children. The father appeals from an order of disposition dated August 3, 2022.
"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765; see Family Ct Act § 1046[b][i]). "'A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" (Matter of Logan P. [*2][Kendell P.], 228 AD3d 867, 868, quoting Matter of Bronx S. [Denzel J.], 217 AD3d 956, 957 [internal quotation marks omitted]; see Matter of Joseph M.H. [Frederick H.], 227 AD3d 996, 996). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Divine K.M. [Andre G.], 211 AD3d 733, 735; see Matter of Eternity S. [Vanessa P.], 183 AD3d 748, 751).
Here, the Family Court properly determined that the petitioner established, by a preponderance of the evidence, that the father neglected the children by engaging in acts of domestic violence against the mother in the children's presence or while they were nearby (see Matter of Jayce W. [Lucinda J.], 224 AD3d 916, 917; Matter of Joshua V. [Rahsaan J.], 137 AD3d 1153, 1153-1154).
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court