Matter of Jose M. (Jose M.) (2025 NY Slip Op 04094)

Matter of Jose M. (Jose M.)

2025 NY Slip Op 04094

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-05198
 (Docket Nos. N-9056-21, N-10530-21)

[*1]In the Matter of Jose M. (Anonymous). Administration for Children's Services, respondent; Jose M. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Jolie M. (Anonymous). Administration for Children's Services, respondent; Jose M. (Anonymous), appellant. (Proceeding No. 2)

Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Diana Lawless of counsel), for respondent.
Helene Chowes, New York, NY, attorney for the child Jose M.
Joel Borenstein, Brooklyn, NY, attorney for the child Jolie M.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an amended order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated May 18, 2023. The amended order of fact-finding, after a fact-finding hearing, found that the father neglected the child Jolie M. and derivatively neglected the child Jose M.
ORDERED that the amended order of fact-finding is reversed, on the law and the facts, without costs or disbursements, the petitions are denied, and the proceedings are dismissed.
The Administration for Children's Services (hereinafter ACS) commenced a proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the child Jolie M. by engaging in acts of domestic violence in the presence of the child during an altercation with the father's girlfriend on August 3, 2021. After the father's girlfriend, who was approximately eight months pregnant during the incident, had given birth the following month, ACS commenced another proceeding pursuant to Family Court Act article 10, alleging that the father derivatively neglected the newborn child, Jose M., based on the same domestic violence incident. In an amended order of fact-finding dated May 18, 2023, made after a fact-finding hearing, the Family Court found that the father neglected Jolie M. and derivatively neglected Jose M. by committing acts of domestic violence against his girlfriend, which caused emotional harm to the children and placed them at risk of physical harm. The father appeals.
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Kingston T. [Diamond T.], 209 AD3d 743, 744; see Family Ct Act § 1046[b]). "[A] finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotion condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Kingston T. [Diamond T.], 209 AD3d at 744 [internal quotation marks omitted]; see Matter of Divine K.M. [Andre G.], 211 AD3d 733, 735). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Eternity S. [Vanessa P.], 183 AD3d 748, 751 [internal quotation marks omitted]; see Matter of Divine K.M. [Andre G.], 211 AD3d at 735). "Nevertheless, exposing a child to domestic violence is not presumptively neglectful [as] [n]ot every child exposed to domestic violence is at risk of impairment" (Matter of Eternity S. [Vanessa P.], 183 AD3d at 751 [internal quotation marks omitted]; see Matter of Kingston T. [Diamond T.], 209 AD3d at 744).
Here, the Family Court's findings that the father neglected Jolie M. and derivatively neglected Jose M. based on the August 3, 2021 domestic violence incident were not supported by a preponderance of the evidence. The testimony of the father's girlfriend and an ACS child protective specialist established that the father struck his girlfriend in the mouth while Jolie M. was in her nearby bedroom down the hallway. However, the testimony also indicated that Jolie M. did not see the incident or any resulting injuries, did not hear the father's girlfriend's plea for the father to stop hitting her, and was otherwise unaware that a domestic violence incident, as opposed to a mere verbal argument, was occurring (see Matter of Rebecca F. [Danequea J.], 234 AD3d 435, 436; Matter of Divine K.M. [Andre G.], 211 AD3d at 736; Matter of Kingston T. [Diamond T.], 209 AD3d at 745; Matter of K.S. [Dyllin S.], 180 AD3d 468, 468). Moreover, no evidence was offered to suggest that Jolie M. was frightened or upset by the incident, and the testimony established that, when recounting the events in a subsequent interview, the child presented a calm demeanor, interacted normally and comfortably with the father, and reportedly felt safe with the father (see Matter of Eternity S. [Vanessa P.], 183 AD3d at 751; see also Matter of Cruz W. [Jacki W.], 218 AD3d 782, 783; Matter of Kaylee S. [Kyle L.S.], 214 AD3d 423, 424). In the absence of evidence that Jolie M.'s physical, mental, or emotional condition was impaired or in danger of becoming impaired by the father's acts of violence against his girlfriend, the court's finding that the father neglected that child is not supported by a preponderance of the evidence (see Matter of Rebecca F. [Danequea J.], 234 AD3d at 436; Matter of Divine K.M. [Andre G.], 211 AD3d at 735; Matter of Kingston T. [Diamond T.], 209 AD3d at 745; Matter of K.S. [Dyllin S.], 180 AD3d at 468).
Consequently, the Family Court's further finding that the father derivatively neglected Jose M. based on the same domestic violence incident was not supported by a preponderance of the evidence (see Matter of Sonja R. [Victor R.], 216 AD3d 1096, 1099; Matter of Dalia G. [Frank B.], 128 AD3d 821, 824).
Accordingly, we reverse the amended order of fact-finding, deny the petitions, and dismiss the proceedings.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court