Matter of Nina P. (Giga P.) (2020 NY Slip Op 01348)





Matter of Nina P. (Giga P.)


2020 NY Slip Op 01348


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-01515
 (Docket Nos. N-30267/16, N-30268/16)

[*1]In the Matter of Nina P. (Anonymous). Administration for Children's Services, respondent; Giga P. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Nikoloz P. (Anonymous). Administration for Children's Services, respondent; Giga P. (Anonymous), appellant. (Proceeding No. 2.)


Christian P. Myrill, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and Jessica Miller of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated January 23, 2019. The order of fact-finding and disposition, insofar as appealed from, made after fact-finding and dispositional hearings, found that the father neglected the subject children.
ORDERED that the order of fact-finding and disposition is affirmed insofar as
appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging that the father neglected the subject children by perpetrating an act of domestic violence against the mother in the presence of the children. Evidence was presented at a fact-finding hearing that the father threw a lighter at the mother, slapped her, and broke open a chain-locked door while the children were in the home. In an order of fact-finding and disposition, the Family Court, inter alia, found that the father neglected the children. The father appeals.
" A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" [*2](Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1093, quoting Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding (see Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064; Matter of Sapphire G. [Samarj L.G.], 136 AD3d 687, 687). Except for certain exceptions provided by the Family Court Act, "only competent, material and relevant evidence may be admitted" at a fact-finding hearing held pursuant to article 10 of the Family Court Act (Family Ct Act § 1046[b][iii]).
Here, much of the evidence offered in support of the petition against the father consisted of out-of-court statements made by the mother to the responding police officer and by the child Nikoloz to the ACS caseworker. Contrary to the father's contention, the mother's out-of-court statement was admissible under the excited utterance exception to the hearsay rule. The record reflects that the mother spoke to the police officer within minutes of the act of domestic violence and was still visibly crying and shaking. The record supports the conclusion that, when she made the statement, she was still under the stress of excitement and " lack[ed] the reflective capacity essential for fabrication'" (People v Hernandez, 28 NY3d 1056, 1057, quoting People v Johnson, 1 NY3d 302, 306; see People v Edwards, 47 NY2d 493, 497). Further, Nikoloz's out-of-court statement was admissible because it was sufficiently and reliably corroborated by the observations of the police officer and caseworker, the mother's out-of-court statement, and the father's testimony (see Family Ct Act § 1046[a][vi]; Matter of Kevin D. [Quran S.S.], 169 AD3d 1034, 1036). Contrary to the father's contention, a preponderance of admissible evidence supported a finding that the children's physical, mental, or emotional conditions were impaired or in imminent danger of impairment by the father's commission of an act of domestic violence against the mother in the children's presence (see Matter of Najaie C. [Niger C.], 173 AD3d 1011, 1011-1012; Matter of Jihad H. [Fawaz H.], 151 AD3d at 1063-1064; Matter of Andre K. [Jamahal G.], 142 AD3d 1171, 1173).
The father's remaining contentions are unpreserved for appellate review (see Matter of Zahyre A. [Faye A.], 160 AD3d 717, 718).
Accordingly, we agree with the Family Court's finding that the father neglected the children (see Matter of Cerise M. [Michael M.], 177 AD3d 743, 745).
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court