Matter of Davasha T. (David T.) (2023 NY Slip Op 03698)

Matter of Davasha T. (David T.)

2023 NY Slip Op 03698

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-00818
2022-00819
 (Docket Nos. N-1010-19, N-1011-19)

[*1]In the Matter of Davasha T. (Anonymous). Administration for Children's Services, petitioner-respondent; David T. (Anonymous), appellant; Elizabeth A. (Anonymous), nonparty-respondent. (Proceeding No. 1)
In the Matter of David T. (Anonymous), Jr. Administration for Children's Services, petitioner-respondent; David T. (Anonymous), appellant; Elizabeth A. (Anonymous), nonparty-respondent. (Proceeding No. 2)

Jennifer Arditi, Maspeth, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jamison Davies and Eva L. Jerome of counsel), for respondent.
Richard Cardinale, Brooklyn, NY, for nonparty-respondent.
Scott Schwartz, Staten Island, NY, attorney for the child Davasha T.

DECISION & ORDER
Jody Lynn Bahar, Staten Island, NY, attorney for the child David T., Jr. In related proceedings pursuant to Family Court Act article 10, David T. appeals from (1) an order of disposition of the Family Court, Richmond County (Alison M. Hamanjian, J.), dated January 28, 2022, and (2) an order of dismissal of the same court, also dated January 28, 2022. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated May 20, 2021, made after a fact-finding hearing, finding that David T. neglected the subject children Davasha T. and David T., Jr., and, after a dispositional hearing, placed David T. under the petitioner's supervision for a period of nine months. The order of dismissal dismissed the petition as to the child Davasha T. pursuant to Family Court Act § 1051(c) on the ground that the aid of the court was not required.
ORDERED that the appeal from so much of the order of disposition as placed David T. under the supervision of the petitioner for a period of nine months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the appeal from the order of dismissal is dismissed, without costs or disbursements, as David T. is not aggrieved by that order.
The appellant, David T., is the father of the children Davasha T. and David T., Jr. (hereinafter together the subject children). The petitioner, the Administration for Children's Services, commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the appellant neglected the subject children, who were, respectively, 15 and 3 years old at the time of the incident, by perpetrating acts of domestic violence against the mother of David T., Jr., in their presence. After a fact-finding hearing, the Family Court found that the petitioner established, by a preponderance of the evidence, that the appellant had neglected the subject children.
After a dispositional hearing, the Family Court placed David T., Jr., in the custody of his mother and placed the appellant under the petitioner's supervision for a period of nine months. Pursuant to Family Court Act § 1051(c), the court dismissed the petition as to Davasha T., concluding that the aid of the court was not required with respect to that child.
The appeal from so much of the order of disposition as placed the appellant under the petitioner's supervision for a period of nine months has been rendered academic, since the period of supervision has expired by its own terms (see Matter of Serenity R. [Truman C.], 215 AD3d 854, 855-856).
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Noah N. [Herold N.], 184 AD3d 733, 734). "Although 'exposing a child to domestic violence is not presumptively neglectful,' a finding of neglect based on an incident or incidents of domestic violence is proper where a preponderance of the evidence establishes that the child was actually or imminently harmed by reason of the parent or caretaker's failure to exercise a minimum degree of care" (Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 724 [citation omitted], quoting Nicholson v Scoppetta, 3 NY3d 357, 375).
Here, the evidence adduced at the fact-finding hearing was sufficient to prove, by a preponderance of the evidence, that the appellant neglected the subject children by committing acts of domestic violence against the mother of David T., Jr., in the presence of, or within the hearing of, the subject children (seeMatter of Nina P. [Giga P.], 180 AD3d 1047, 1047-1048; Matter of Aliyah T. [Jaivon T.], 174 AD3d at 724). Among other things, the evidence showed that the father punched the mother in the face several times, causing bruising, that Davasha T. attempted to intervene, and that David T., Jr., was in the living room of the apartment during the incident and was crying. Contrary to the appellant's contention, it was not necessary for the petitioner to establish a pattern of domestic violence, as "[e]ven a single act of domestic violence, either in the presence of a child or within the hearing of a child," may, as here, be sufficient for a neglect finding (Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047; see Matter of Jaylen S. [Richard S.], 214 AD3d 885, 885-886).
Accordingly, we affirm the order of disposition insofar as reviewed.
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court