Matter of Kashai E. (Kashif R.E.) (2023 NY Slip Op 03784)

Matter of Kashai E. (Kashif R.E.)

2023 NY Slip Op 03784

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-05801
2022-05802
 (Docket Nos. N-1289-21, N-1290-21)

[*1]In the Matter of Kashai E. (Anonymous). Administration for Children's Services, respondent; Kashif R. E. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Jazmia E. (Anonymous). Administration for Children's Services, respondent; Kashif R. E. (Anonymous), appellant. (Proceeding No. 2.)

Jill M. Zuccardy, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Eva L. Jerome of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Linda M. Capitti, J.), dated June 21, 2022, and (2) an order of disposition of the same court also dated June 21, 2022. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject children. The order of disposition, upon the order of fact-finding, inter alia, released the subject children to the custody of the nonrespondent mother with supervision.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is reversed, on the law, without costs or disbursements, the order of fact-finding is vacated, the petitions are denied, and the proceedings are dismissed.
In February 2021, the petitioner commenced these proceedings against the father, alleging that the father neglected the subject children by committing acts of domestic violence against the mother in the children's presence. At a fact-finding hearing, the petitioner relied solely on hearsay statements of the children, and the father did not testify. The Family Court found that the father neglected the children. The father appeals.
At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been neglected by a preponderance of evidence (see Family Ct Act § 1046[b][i]). As relevant here, Family Court Act § 1012(f)(i)(B) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (see Nicholson v Scoppetta, 3 NY3d 357, 368).
"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Divine K.M. [Andre G.], 211 AD3d 733, 734 [internal quotation marks omitted]). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (id. at 735; see Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047).
"A trier of fact may draw the strongest inference that the opposing evidence permits against a witness who fails to testify in a civil proceeding" (Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79). "[P]revious statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect" (Family Ct Act § 1046[a][vi]). "The out-of-court statements of siblings may properly be used to cross-corroborate one another" (Matter of Ashley G. [Eggar T.], 163 AD3d 963, 964 [alterations and internal quotation marks omitted]; see Matter of Tristan R., 63 AD3d 1075, 1076). "However, such out-of-court statements must describe similar incidents in order to sufficiently corroborate the sibling's out-of-court allegations" (Matter of Divine K.M. [Andre G.], 211 AD3d at 735; see Matter of Nicole V., 71 NY2d 112, 124). "Family Court Judges presented with the issue have considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated" (Matter of Nicole V., 71 NY2d at 119; see Matter of Divine K.M. [Andre G.], 211 AD3d at 735).
Here, the hearsay evidence presented by the petitioner at the fact-finding hearing was insufficient to permit a finding of neglect (see Family Ct Act § 1046[a][vi]; Nicholson v Scoppetta, 3 NY3d at 369). The hearsay statement of one child that she witnessed the father "attacking her mother in the bedroom" failed to provide any detail as to the alleged domestic violence and was not corroborated by any other evidence of domestic violence in the record (see Family Ct Act § 1046[a][vi]; Matter of Divine K.M. [Andre G.], 211 AD3d at 735-736; Matter of Ashley G. [Eggar T.], 163 AD3d at 965). The hearsay statements of the children describing an incident in which the father yelled outside the children's home and "reached for" or "grabbed at" one of the children on their way inside, which the children described as "uncomfortable," "weird," and "confus[ing]," causing one of them to be "a little anxious" and the other to "start[ ] to cry," without more, was insufficient to establish that the children's physical, mental, or emotional condition was impaired or in imminent danger of becoming impaired (see Matter of Divine K.M. [Andre G.], 211 AD3d at 736; Matter of Eustace B. [Shondella M.], 76 AD3d 428, 429). Furthermore, the children's knowledge that the father legally possessed a firearm in another state was insufficient to establish that the children's physical, mental, or emotional condition was impaired or in imminent danger of becoming impaired where there was no evidence that the father had threatened anyone with his firearm or otherwise connecting the firearm to the alleged incidents of neglect (cf. Matter of Caleah C.M.S. [Calvin S.], 174 AD3d 457, 458; Matter of Takoda G. [Juan T.], 161 AD3d 1574, 1574-1575).
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court