Matter of Roland M. (Manuel M.) (2024 NY Slip Op 01011)

Matter of Roland M. (Manuel M.)

2024 NY Slip Op 01011

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-03691
 (Docket Nos. N-16372-21, N-16373-21, N-16374-21)

[*1]In the Matter of Roland M. (Anonymous). Administration for Children's Services, appellant; Manuel M. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Rosalee M. (Anonymous). Administration for Children's Services, appellant; Manuel M. (Anonymous), respondent. (Proceeding No. 2)
In the Matter of Michael M. (Anonymous). Administration for Children's Services, appellant; Manuel M. (Anonymous), respondent. (Proceeding No. 3)

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Amy McCamphill of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Jessica Leigh Brierly-Snowden and Kathryn V. Lissy of counsel), for respondent.
Louisa Floyd, Brooklyn, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of fact-finding of the Family Court, Kings County (Michael R. Milsap, J.), dated March 29, 2023. The order of fact-finding, after a hearing, inter alia, dismissed the petitions.
ORDERED that the order of fact-finding is reversed, on the facts, without costs or disbursements, the petitions are reinstated, a finding is made that the father neglected the subject children, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and dispositions thereafter.
In December 2021, the petitioner commenced these proceedings against the father, alleging, inter alia, that he neglected the subject children by committing acts of domestic violence against the mother in their presence. At a fact-finding hearing, the petitioner relied on the hearsay statements of the child Roland M., the hearsay statements of the child Rosalee M., and an oral report transmission document (hereinafter the ORT), which was admitted into evidence without objection. The father testified on his own behalf. The Family Court dismissed the petitions, concluding, among other things, that Roland M.'s out-of-court statement that the argument between the father and the [*2]mother ended with the father choking the mother and dragging her out of the apartment was not sufficiently corroborated pursuant to Family Court Act § 1046(a)(vi) and that, "[w]ithout evidence of the serious nature of the violence, such as injury to the victim and harm to the children, a finding of neglect could not be had." The petitioner appeals.
At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the subject child has been neglected by a preponderance of evidence (see id. § 1046[b][i]). As relevant here, Family Court Act § 1012(f)(i)(B) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (see Nicholson v Scoppetta, 3 NY3d 357, 368).
"'A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" (Matter of Kashai E.[Kashif R.E.], 218 AD3d 574, 575, quoting Matter of Divine K.M. [Andre G.], 211 AD3d 733, 734 [internal quotation marks omitted]). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Divine K.M. [Andre G.], 211 AD3d at 735; see Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047). "'While the credibility findings of a hearing court are accorded deference, we are free to make our own credibility assessments and, where proper, make a finding of neglect based upon the record before us'" (Matter of Jubilee S. [James S.], 149 AD3d 965, 967, quoting Matter of Chanyae S. [Rena W.], 82 AD3d 1247, 1247 [citations omitted]).
Here, contrary to the determination of the Family Court, a preponderance of the evidence established that the father neglected the children by perpetrating acts of domestic violence against the mother in their presence (see Matter of Jubilee S. [James S.], 149 AD3d at 967; Matter of Nah-Ki B. [Nakia B.], 143 AD3d 703, 707). The out-of-court statement of the oldest child, Roland M., was sufficiently corroborated. "The out-of-court statements of siblings may properly be used to cross-corroborate one another" (Matter of Kashai E.[Kashif R.E.], 218 AD3d at 575 [internal quotation marks omitted]; see Matter of Ashley G. [Eggar T.], 163 AD3d 963, 964). "However, such out-of-court statements must describe similar incidents in order to sufficiently corroborate the sibling's out-of-court allegations" (Matter of Kashai E.[Kashif R.E.], 218 AD3d at 575 [internal quotation marks omitted]; Matter of Divine K.M. [Andre G.], 211 AD3d 733, 735) "and be independent from and consistent with the other sibling's out-of-court statement" (Matter of Ashley G. [Eggar T.], 163 AD3d at 965). Roland M.'s statement was corroborated by the out-of-court statement of his sister, Rosalee M., that she witnessed the father drag the mother out the door and choke her. Roland M.'s statement was also corroborated by the ORT received by the petitioner, which reported that Roland M. called the authorities during the domestic violence incident, that during the incident the father strangled the mother with his hands, that Roland M. had to intervene, and that the father was being charged with strangulation in the second degree (see Family Ct Act § 1046[a][v], [vi]).
Moreover, contrary to the Family Court's determination, the evidence was sufficient to establish that the father's acts of domestic violence against the mother in the children's presence impaired, or created an imminent danger of impairing, the children's physical, mental, or emotional condition (see Matter of Nina P. [Giga P.], 180 AD3d at 1048; Matter of Najaie C. [Niger C.], 173 AD3d 1011, 1011-1012; Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1063-1064).
Accordingly, the Family Court should not have dismissed the petitions, and the order appealed from must be reversed, the petitions reinstated, a finding of neglect entered, and the matter remitted to the Family Court, Kings County, for a dispositional hearing and dispositions thereafter.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court