Matter of Kyng T.B. (Theodore B.) (2025 NY Slip Op 00087)

Matter of Kyng T.B. (Theodore B.)

2025 NY Slip Op 00087

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-09306
2023-09309
 (Docket No. N-1646-20)

[*1]In the Matter of Kyng T. B. (Anonymous) IV. Administration for Children's Services, petitioner-respondent; Theodore B. (Anonymous) III, appellant, et al., respondent.

Center for Family Representation, New York, NY (Emily S. Wall of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Elina Druker and MacKenzie Fillow of counsel), for petitioner-respondent.
Lewis S. Calderon, Jamaica, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated June 12, 2023, and (2) an order of disposition of the same court dated September 19, 2023. The order of fact-finding, after a hearing, found that the father neglected the subject child. The order of disposition, insofar as appealed from, was entered upon the order of fact-finding.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the subject child by perpetrating acts of domestic violence against the mother in the presence of the child and while the mother was holding the child. After a fact-finding hearing, the Family Court found that the father neglected the child. The father appeals.
"In a child neglect proceeding under Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Bryce J. [Alia F.], 214 AD3d 803, 804 [internal quotation marks omitted]; see Family Ct Act § 1046[b][i]). "A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Roland M. [Manuel M.], 224 AD3d 903, 904 [internal quotation marks omitted]; see Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047). "Even a single act of domestic violence, either in the presence of a [*2]child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Roland M. [Manuel M.], 224 AD3d at 904-905 [internal quotation marks omitted]; see Matter of Abdul R. [Abdul G.], 225 AD3d 881, 882). "The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity" (Matter of Jayce W. [Lucinda J.], 224 AD3d 916, 917 [internal quotation marks omitted]; see Matter of Skyli V. [Jamol V.—Shaneka E.], 224 AD3d 913, 915).
Here, much of the evidence against the father consisted of out-of-court statements made by the mother to a police officer who responded to the mother's 911 call. Contrary to the father's contention, the mother's out-of-court statements were admissible under the excited utterance exception to the hearsay rule (see Matter of Nina P. [Giga P.], 180 AD3d at 1048). The record reflects that the mother spoke to the police officer within minutes after the incident and that she was very upset, crying, and in distress. The record supports the conclusion that the mother was still under the stress of excitement when she made the statements, and the statements were not made under the impetus of studied reflection (see People v Hernandez, 28 NY3d 1056, 1057; People v Gilliam, 229 AD3d 565, 566; People v Delacruz, 207 AD3d 652, 653; People v Ortiz, 198 AD3d 924, 927).
Contrary to the father's contention, a preponderance of the credible evidence supported a finding that he neglected the child when he engaged in acts of domestic violence against the mother in the child's presence (see Matter of Skyli V. [Jamol V.—Shaneka E.], 224 AD3d at 916; Matter of Cacique R.O. [Alejandro O.], 196 AD3d 487, 488-489). Although the father denied the allegations, there is no basis for disturbing the Family Court's credibility determinations, which are entitled to deference and are supported by the record (see Matter of Leah S. [Barnett V.], 228 AD3d 667, 669; Matter of Abdul R. [Abdul G.], 225 AD3d at 882; Matter of Shalom A. [Codjo A.], 215 AD3d 825, 827).
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court