Matter of Clamar G. (Dana G. () (2025 NY Slip Op 02775)

Matter of Clamar G. (Dana G. ()

2025 NY Slip Op 02775

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-08382
 (Docket Nos. N-28673-19, N-28674-19)

[*1]In the Matter of Clamar G. (Anonymous), nonparty-appellant. Administration for Children's Services, petitioner-appellant; Dana G. (Anonymous), et al., respondents. (Proceeding No. 1.)
In the Matter of Iysis G. (Anonymous), nonparty-appellant. Administration for Children's Services, petitioner-appellant; Dana G. (Anonymous), et al., respondents. (Proceeding No. 2.)

Twyla Carter, New York, NY (Dawne A. Mitchell and Zoe Allen of counsel), attorney for the children, the nonparty-appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Lorenzo Di Silvio, Melanie T. West, and Antonella Karlin of counsel), for petitioner-appellant.
Leighton M. Jackson, New York, NY, for respondent Dana G.
Brooklyn Defender Services, Brooklyn, NY (Sarah Han and Jessica Marcus of counsel), for respondent Clark G.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the subject children, Clamar G. and Iysis G., appeal, and the petitioner separately appeals, from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated August 28, 2023. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father and the stepmother neglected the subject children, dismissed the petitions.
ORDERED that the appeal by the child Iysis G. and so much of the appeal by the petitioner as relates to the child Iysis G. are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
In October 2019, the petitioner commenced these related neglect proceedings against [*2]the father and the stepmother, alleging that they inflicted excessive corporal punishment on the subject children. Following a fact-finding hearing, the Family Court found that the petitioner failed to establish by a preponderance of the evidence that the children were neglected by the father and the stepmother and dismissed the petitions. The children appeal, and the petitioner separately appeals.
The child Iysis G. is now over the age of 18 and is no longer subject to the Family Court Act article 10 proceeding relating to her (see id. § 119[c]; Matter of Jermaine T. [Jairam T.], 193 AD3d 943, 945). Thus, the appeal by Iysis G. and so much of the appeal by the petitioner as relates to Iysis G. must be dismissed as academic.
"'In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected'" (Matter of Veronica M. [Ana M.], 229 AD3d 626, 627, quoting Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765; see Family Ct Act § 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). "To satisfy this burden, the petitioner may rely upon prior out-of-court statements of the subject children, provided that they are sufficiently corroborated" (Matter of Ashley G. [Eggar T.], 163 AD3d 963, 964; see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 117-118). Corroboration means "[a]ny other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046[a][vi]; see Matter of Christina F., 74 NY2d 532, 536; Matter of Nicole V., 71 NY2d at 118). "'Family Court Judges presented with the issue have considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated'" (Matter of Kashai E. [Kashif R.E.], 218 AD3d 574, 575-576, quoting Matter of Nicole V., 71 NY2d at 119; see Matter of Treyvone A. [Manuel R.], 188 AD3d 1182, 1183).
"'[A] child's recantation of allegations of abuse does not necessarily require [the] Family Court to accept the later statements as true because it is accepted that such a reaction is common among abused children'" (Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749 [internal quotation marks omitted], quoting Matter of Tristan R., 63 AD3d 1075, 1077). "'Rather, recantation of a party's initial statement simply creates a credibility issue which the trial court must resolve'" (Matter of Kenyana D. [Kenneth D.], 229 AD3d 544, 546, quoting Matter of Dayannie I.M. [Roger I.M.], 138 AD3d at 749).
Here, the Family Court properly found that the out-of-court statements of the child Clamar G. as to the alleged excessive corporal punishment were not sufficiently corroborated by other nonhearsay evidence. Contrary to the contentions of the petitioner and Clamar G., under the circumstances of this case, the out-of-court statements of Iysis G. did not constitute reliable corroboration (see Matter of Kashai E. [Kashif R.E.], 218 AD3d at 576; Matter of Gerald W. [Anne R.], 129 AD3d 979, 980). Both Clamar G. and Iysis G. specifically denied the allegations in the petition on multiple occasions (see Matter of Chloe-Elizabeth A.T. [Albert T.], 167 AD3d 910, 912; Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868). In the absence of cross-corroboration of the out-of-court statements, the petitioner failed to present any relevant evidence to reliably corroborate the out-of-court disclosures (see Matter of Ashley G. [Eggar T.], 163 AD3d at 965). The court's determination that the father testified credibly about the incident was adequately supported by the record and is entitled to deference (see Matter of Malachi M.[Mark M.], 164 AD3d 794, 795).
Accordingly, the Family Court properly dismissed the petition relating to Clamar G.
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court