Matter of Asani J. (Assata A.) (2026 NY Slip Op 00130)

Matter of Asani J. (Assata A.)

2026 NY Slip Op 00130

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2025-01959
 (Docket No. N-6654-23)

[*1]In the Matter of Asani J. (Anonymous). Suffolk County Department of Social Services, appellant; Assata A. (Anonymous), respondent.

Christopher J. Clayton, County Attorney, Central Islip, NY (Karin A. Bohrer of counsel), for appellant.
Glenn Gucciardo, Northport, NY, for respondent.
Warren S. Hecht, Forest Hills, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated February 20, 2025. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the mother neglected the subject child, dismissed the petition.
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petition is reinstated, a finding is made that the mother neglected the subject child, and the matter is remitted to the Family Court, Suffolk County, for a dispositional hearing and a determination thereafter.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that Assata A. (hereinafter the mother) neglected the subject child by committing acts of domestic violence against the child's father in the child's presence. In an order dated February 20, 2025, made after a fact-finding hearing, the Family Court dismissed the petition. The petitioner appeals. We reverse.
"To establish neglect, [a] petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Chaim R. [Keturah Ponce R.], 94 AD3d 1127, 1130; see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). "A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Logan P. [Kendall P.], 228 AD3d 867, 868 [internal quotation marks omitted]). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Divine K.M. [Andre G.], 211 AD3d 733, 735).
Here, the evidence presented at the fact-finding hearing demonstrated that the mother perpetrated acts of violence against the father, including cutting his face with a knife while in close proximity to the child. The Family Court erroneously found that the child was not present during the acts of violence based on a recording of a 911 call from the father admitted at the hearing, which merely reflected that the child was outside of the apartment at one point during the call placed after the incident. Further, contrary to the court's determination, an imminent danger of impairment to the physical condition of the child should be inferred from the mother's acts of violence against the father in close proximity to the child, "even absent evidence that the [child was] aware of or emotionally impacted by the violence" (Matter of Najaie C. [Niger C.], 173 AD3d 1011, 1012 [internal quotation marks omitted]; see Matter of Xierra N. [Lewis N.], 226 AD3d 790, 790-791). Under these circumstances, the court's finding that the child was not neglected by the mother is not supported by the record.
Accordingly, we reverse the order, reinstate the petition, find that the child is neglected within the meaning of Family Court Act § 1012(f), and remit the matter to the Family Court, Suffolk County, for a dispositional hearing and a determination thereafter.
IANNACCI, J.P., WOOTEN, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court