Matter of Manuel G. (Anonymous), Jr. (2026 NY Slip Op 01061)

Matter of Manuel G. (Anonymous), Jr.

2026 NY Slip Op 01061

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-10779
 (Docket Nos. N-20755-23, N-20756-23, N-20757-23)

[*1]In the Matter of Manuel G. (Anonymous), Jr. Administration for Children's Services, appellant; Manuel G. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Marianna G. (Anonymous). Administration for Children's Services, appellant; Manuel G. (Anonymous), respondent. (Proceeding No. 2)
In the Matter of Cleopatra G. (Anonymous). Administration for Children's Services, appellant; Manuel G. (Anonymous), respondent. (Proceeding No. 3)

Steven Banks, Corporation Counsel, New York, NY (Jamison Davies and Amanda Abata of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Brian Holbrook of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Daniel Abdul-Malak of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the Administration for Children's Services appeals from an order of the Family Court, Kings County (Melody Glover, J.), dated October 17, 2024. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father neglected the subject children, dismissed the petitions.
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petitions are reinstated, a finding is made that the father neglected the subject children, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and determinations thereafter.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging that the father neglected the subject children by committing an act of domestic violence against the children's mother in their presence. At a fact-finding hearing, ACS admitted a recording of the mother's 911 call related to the alleged act of domestic violence, the mother's certified medical records, and ACS's investigation [*2]records, which included various statements made by the children related to the alleged act of domestic violence. In an order dated October 17, 2024, made after the fact-finding hearing, the Family Court, upon a finding that ACS failed to establish that the father neglected the children, dismissed the petitions. ACS appeals.
"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Kyng T.B. [Theodore B.], 234 AD3d 682, 683 [internal quotation marks omitted]; see Family Ct Act § 1012[f]). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047; see Matter of Xierra N. [Lewis N.], 226 AD3d 790, 790). "Furthermore, impairment or imminent danger of physical impairment should also be inferred from the subject children's proximity to violence directed against a family member, even absent evidence that they were aware of or emotionally impacted by the violence" (Matter of Najaie C. [Niger C.], 173 AD3d 1011, 1012 [internal quotation marks omitted]; see Matter of Xierra N. [Lewis N.], 226 AD3d at 790-791).
Here, a preponderance of the credible evidence presented at the fact-finding hearing supported a finding that the children's physical, mental, or emotional conditions were impaired or in imminent danger of impairment by the father's commission of an act of domestic violence against the mother (see Matter of Joseph M.H. [Frederick H.], 227 AD3d 996, 996-997). The Family Court erred in concluding that the evidence did not sufficiently demonstrate that it was the father who cut the mother with a knife during the incident. Although the mother initially reported to a 911 operator that she did not know who had cut her, the medical records, the children's statements, and the other evidence presented at the fact-finding hearing were sufficient to meet ACS's burden of proof. Moreover, as the court properly determined, the father's failure to testify at the fact-finding hearing warranted a negative inference against him (see Matter of Legend C.-F.F. [Demetri H.], 231 AD3d 1022, 1023). Under these circumstances, the court's finding that the children were not neglected by the father is not supported by the record (see Matter of Asani J. [Assata A.], ____ AD3d ____, 2026 NY Slip Op 00130, *1; Matter of Najaie C. [Niger C.], 173 AD3d at 1012).
In light of the foregoing, we need not reach ACS's remaining contention.
Accordingly, we reverse the order, reinstate the petitions, find that the children are neglected within the meaning of Family Court Act § 1012(f), and remit the matter to the Family Court, Kings County, for a dispositional hearing and determinations thereafter.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court