Matter of Gael B. P. (Angel B. M.)

2026 NY Slip Op 02118

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter Gael B. P. (Anonymous). Administration for Children's Services, respondent; Angel B. M. (Anonymous), appellant. (Proceeding No. 1.)

In the Matter Kimberly B. P. (Anonymous). Administration for Children's Services, respondent; Angel B. M. (Anonymous), appellant. (Proceeding No. 2.)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2025-04146, 2025-04158, (Docket No. N-18484-24, N-7627-24)

Mark C. Dillon, J.P.

Valerie Brathwaite Nelson

Laurence L. Love

James P. Mccormack, JJ.

Brooklyn Defender Services, Brooklyn, NY (Julian Montijo of counsel), for appellant.

Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Hannah J. Sarokin of counsel), for respondent.

Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated February 3, 2025, and (2) an order of disposition of the same court dated March 4, 2025. The order of fact-finding, after a fact-finding hearing, found that the father neglected the child Kimberly B. P. and derivatively neglected the child Gael B. P. The order of disposition, insofar as appealed from, was entered upon the order of fact-finding.

ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced these related proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the father neglected the child Kimberly B. P. and derivatively neglected the child Gael B.P., by committing an act of domestic violence against the children's mother in Kimberly B.P.'s presence, while the mother was six months pregnant with Gael B. P. After a fact-finding hearing, the Family Court determined that the father neglected Kimberly B. P. and derivatively neglected Gael B. P. The father appeals.

"The appeal from the order of fact-finding must be dismissed because the order of fact-finding was superseded by the order of disposition. The issues raised on the appeal from the order of fact-finding are brought up for review on the appeal from the order of disposition" (Matter of Tyjon R. [Felicia R.], 240 AD3d 702, 703 [internal quotation marks omitted]; see Matter of Samynee L. [Tashae T.], 243 AD3d 569).

"A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Kyng T.B. [Theodore B.], 234 AD3d 682, 683 [internal quotation marks omitted]; see Family Ct Act § 1012[f]). "Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Manuel G. [Anonymous], Jr., ___ AD3d ___, ___, 2026 NY Slip Op 01061, *2 [internal quotation marks omitted]; see Matter of Nina P. [Giga P.], 180 AD3d 1047, 1047). "Furthermore, impairment or imminent danger of physical impairment should also be inferred from the subject children's proximity to violence directed against a family member, even absent evidence that they were aware of or emotionally impacted by the violence" (Matter of Najaie C. [Niger C.], 173 AD3d 1011, 1012 [internal quotation marks omitted]; see Matter of Xierra N. [Lewis N.], 226 AD3d 790, 790-791).

"In neglect proceedings, unsworn out-of-court statements of the children may be received and, if properly corroborated, will support a finding of abuse or neglect" (Matter of Mariliz G. [Jamie G.], 207 AD3d 627, 629 [alterations and internal quotation marks omitted]). The child's statements may be corroborated by "[a]ny other evidence tending to support" their reliability (Family Ct Act § 1046[a][vi]; see Matter of Nicole V., 71 NY2d 112, 117-118). "[T]he Family Court has considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse" or neglect (Matter of Janiyah S. [Pedro H.], 226 AD3d 909, 911 [internal quotation marks omitted]; see Matter of Nicole V., 71 NY2d at 119). "Where the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded considerable deference on appeal" (Matter of Janiyah S. [Pedro H.], 226 AD3d at 911; see Matter of Nyla S. [Jason B.], 224 AD3d 691, 692).

Here, the Family Court properly determined that the petitioner established by a preponderance of the evidence that the father neglected Kimberly B. P. by his commission of an act of domestic violence against the mother in the child's presence (see Matter of Manuel G. [Anonymous], Jr., ___ AD3d at ___, 2026 NY Slip Op 01061, *1; Matter of Melanie I.A. [Tammeswhar A.], 235 AD3d 743, 743-744; Matter of Joseph M.H. [Frederick H.], 227 AD3d 996, 997). Among other things, the evidence presented at the fact-finding hearing demonstrated that Kimberly B. P. had been present during an argument between her parents and that during the argument the father punched the mother, who was then approximately six months pregnant, causing the mother to vomit.

Contrary to the father's contention, Kimberly B. P.'s out-of-court statements were sufficiently corroborated by the testimony of a caseworker that Kimberly B. P.'s demeanor changed and she became sad as she described the domestic violence incident (see Matter of Alajah H. [Brian H.], 234 AD3d 759, 761; Matter of Jada W. [Fanatay W.], 219 AD3d 732, 740), as well as the father's testimony about the series of events leading up to the incident (see Matter of Alajah H. [Brian H.], 234 AD3d at 761; Matter of Nina P. [Giga P.], 180 AD3d at 1048).

Additionally, the Family Court's determination that the father derivatively neglected Gael B. P. was supported by a preponderance of the evidence (see Matter of Remi R.C.G. [Michael M.], 237 AD3d 701, 702; Matter of Davena A. [Christopher A.], 232 AD3d 595, 597). The father's neglect of Kimberly B. P. demonstrated a "flawed notion[ ] of parental responsibility" and was a "generally reliable indicator[ ]" that the father would "place his . . . other children at substantial risk of harm" (Matter of Naima E. [Daryl M.], 227 AD3d 901, 903 [internal quotation marks omitted]; see Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 911).

The father's remaining contentions either are without merit or need not be reached in light of our determination.

DILLON, J.P., BRATHWAITE NELSON, LOVE and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court