Matter of Aaliyah W. (Sean W.)
2026 NY Slip Op 02988
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Aaliyah W. (Anonymous). Administration for Children's Services, respondent; Sean W. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Annalyse W. (Anonymous). Administration for Children's Services, respondent; Sean W. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Olivia W. (Anonymous). Administration for Childrens Services, respondent; Sean W. (Anonymous), appellant. (Proceeding No. 3)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-02190, 2024-02191, (Docket Nos. N-535-23, N-536-23, N-537-23)
Betsy Barros, J.P.
Barry E. Warhit
Janice A. Taylor
Susan Quirk, JJ.

David Laniado, Cedarhurst, NY, for appellant.
Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Jennifer Lerner of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Zoë Allen of counsel), attorney for the child Annalyse W.
Murgolo & Rutigiano, LLP, Staten Island, NY (Nicholas Murgolo of counsel), attorney for the children Aaliyah W. and Olivia W.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Sean W. appeals from (1) an order of fact-finding of the Family Court, Richmond County (Peter F. De Lizzo, J.), dated March 4, 2024, and (2) an order of disposition of the same court also dated March 4, 2024. The order of fact-finding, after a fact-finding hearing, found that Sean W. neglected the children Aaliyah W. and Olivia W. and derivatively neglected the child Annalyse W. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, released the children Aaliyah W. and Annalyse W. to the non-respondent mother and directed Sean W. to comply with the terms of an order of protection.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is modified, on the law, by deleting the provision thereof, upon the order of fact-finding, determining that Sean W. neglected the child Olivia W., and substituting therefor a provision dismissing the proceeding as to that child in accordance with an order of dismissal of the Family Court, Richmond County (Peter F. De Lizzo, J.), dated July 25, 2023; as so modified, the order of disposition is affirmed, without costs or disbursements, and the order of fact-finding is modified accordingly.
In February 2023, the petitioner, Administration for Children's Services (hereinafter ACS), commenced these related child protective proceedings against the appellant, the stepfather of the subject children, alleging, inter alia, that he neglected the children Olivia W. and Aaliyah W., and derivatively neglected the child Annalyse W. After a fact-finding hearing, the Family Court determined, among other things, that the appellant was a person legally responsible for the children's care and that the appellant neglected Aaliyah W. and derivatively neglected Annalyse W. Thereafter, in an order of disposition dated March 4, 2024, after a dispositional hearing, the court, inter alia, released the children Aaliyah W. and Annalyse W. to the non-respondent mother and directed the appellant to comply with the terms of an order of protection, complete a sex offender treatment program, and complete a parenting skills class. These appeals ensued.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Ciniya P. [Omar S.W.], 217 AD3d 954, 955; Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1029). Unsworn out-of-court statements of the child may be received and, if properly corroborated, will support a finding of abuse or neglect (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 117-118; Matter of Gael B.P., ___ AD3d ___, 2026 NY Slip Op 02118; Matter of Jada W., 219 AD3d 732, 738). Family Court Act § 1046(a)(vi) states a broad and flexible rule providing that out-of-court statements may be corroborated by any other evidence tending to support their reliability (see Matter of Nicole V., 71 NY2d at 118; Matter of Omnamm L. [Kumar L.], 177 AD3d 973, 975). The Family Court has considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have been reliably corroborated (see Matter of Nicole V., 71 NY2d at 119; Matter of Kashai E. [Kashif R.E.], 218 AD3d 574, 575-576). Moreover, where the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded considerable deference on appeal (see Matter of Kaley G. [William G.], 214 AD3d 869, 870; Matter of Ashley G. [Eggar T.], 163 AD3d 963, 965).
Here, contrary to the appellant's contention, ACS demonstrated by a preponderance of the evidence that the appellant neglected Aaliyah W. The out-of-court statements of Annalyse W. that, among other things, she observed the appellant engage in sexual acts with Aaliyah W. were corroborated by the appellant's out-of-court statements (see Matter of Omnamm L.[Kumar L.], 177 AD3d at 975; Matter of Antonio T. [Franklin T.], 169 AD3d 699, 700), as well as Annalyse W.'s age-inappropriate knowledge of sexual matters (see Matter of Osher W. [Moshe W.], 198 AD3d 904, 907; Matter of Kyle D. [Dwayne D.], 138 AD3d 835, 836).
The Family Court's finding that the appellant derivatively neglected Annalyse W. was also supported by a preponderance of the evidence. The evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the appellant's understanding of the duties of a person with legal responsibility for the care of children and such an impaired level of judgment as to create a substantial risk of harm for any child in his care (see Matter of Nyla S. [Jason B.], 224 AD3d 691, 693; Matter of Kristina I. [Al Quran F.], 163 AD3d 565, 567).
However, the Family Court erred in making a finding with respect to Olivia W. The petition alleging that the appellant neglected Olivia W. was dismissed pursuant to an order of dismissal dated July 25, 2023. Accordingly, when the court issued the order of fact-finding, more than six months later, it was without jurisdiction with respect to the allegations related to Olivia W. (see generally Family Ct Act §§ 1013, 1031).
The appellant's remaining contentions are without merit.
BARROS, J.P., WARHIT, TAYLOR and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court